**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___1/6/2022___

**GENNADIY N. ULANOV**,

        **Plaintiff**,

-against-

**NEW YORK STATE BOARD OF ELECTIONS**,

        **Defendant**.

**1:21-CV-11138 (ALC)**

<u>**TRANSFER ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge**:

    Plaintiff Gennadiy N. Ulanov, of Brooklyn, New York, appears *pro se*. He states that he invokes diversity jurisdiction, asserts that his "electoral rights" have been violated (ECF No. 1 at 2), and sues the New York State Board of Elections for money damages. Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

    Plaintiff alleges that on November 4, 2020, he was at a polling place (a school) located in Brooklyn, New York, where he noticed an irregularity in the collection of votes. He sues the New

York State Board of Elections, a New York State agency, which resides throughout the State of New York. Accordingly, it appears that any federal district court within the State of New York is a proper venue for this action under § 1391(b)(1).

Plaintiff's allegations, however, seem to imply legal violations on the part of the New York City Board of Elections, a New York City agency, which resides both within this judicial district and in the Eastern District of New York.[1] Because Plaintiff alleges that the events and occurrences giving rise to his claims took place in Brooklyn, Kings County, New York, the United States District Court for the Eastern District of New York is a proper venue for this action under § 1391(b)(2).

While the Southern District of New York is a proper venue for this action, the Court may nonetheless transfer an action to another district "where [the action] might have been brought" "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx (Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (Borough of Brooklyn), (2) Queens (Borough of Queens), (3) Richmond (Borough of Staten Island), (4) Nassau, and (5) Suffolk. 28 U.S.C. § 112(c).

appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of the unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded to the plaintiff's choice of forum, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F.Supp.2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because (i) the underlying events occurred in Brooklyn, in the Eastern District of New York, and (ii) relevant documents and witnesses, including Plaintiff himself, are likely located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York.

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). A summons shall

not issue from this Court. This Order closes this action in the United States District Court for the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff has consented to electronic service of court documents. *See* ECF No. 2.

**SO ORDERED.**

Dated: January 6, 2022
        New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

4